UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
TRAVELERS INDEMNITY COMPANY :
OF AMERICA, :
: Civil Action No. 08-778(KSH)
　　　　　Plaintiff :
:
　　v. :
: ORDER ON INFORMAL
GUARD LINE FIRE & SAFETY, INC., : APPLICATION
et al., :
:
　　　　　Defendants :
_____ :

This matter having come before the Court by way of submissions dated May 14, 2009 and May 15, 2009, regarding various discovery issues;

and the Court having considered the submissions, record of proceedings, and the applicable law;

and for the reasons set forth in the Opinion delivered on the record on May 19, 2009;

and for good cause shown,

IT IS ON THIS 19th day of May, 2009

ORDERED that:

1. Guardline's request for court-intervention concerning the sufficiency of Traveler's responses to its notices to produce is denied.[1]  Nothing herein, however, absolves a party from its continuing duty to supplement discovery responses;

2. the deposition of Mr. Balzer shall be completed no later than **May 29, 2009**;

---

[1] Although Guardline asserts that Travelers failed to comply with court-ordered discovery, it did not identify the order or provisions for which there has been non-compliance.  Therefore, the Court will not take action on this issue.

     3. the deposition of Ms. Sasser shall be completed no later than **August 10, 2009** but it may be conducted before that date if a party wishes to do so.  If a party chooses to depose the witness before she discloses an expert report, the party may not reopen her deposition after the report is received;

     4. the request that Guardline pay an expert fee for Ms. Sassner's testimony is denied;

     5. no later than **May 30, 2009**, Traveler's shall produce a certification from a corporate representative setting forth: (a) when Mr. Wisniewski was employed to provide services for this claim; (b) why he was employed; (c) whether or not has is an employee of the company and if he is not an employee, a description of his relationship with the company; (d) whether or not he has served as a litigation consultant and/or testifying expert witness for the company in other matters; and (e) whether or not he will testify in this case.  If the certification shows he was specifically employed by Travelers in anticipation of litigation and he will not serve as a witness, then Guardline may not obtain his deposition;

     6. the request to depose Mr. Kane is denied without prejudice and may be renewed after the deposition of Mr. Balzer is completed. If his deposition is thereafter sought, Guardline shall set forth in its portion of the joint submission the topics that it seeks to probe with Mr. Kane and why these topics were not covered by Mr. Balzer or were not sufficiently addressed by him.  In its portion of the joint letter, Traveler's include a certification from Mr. Kane that explains his role in the claim, when he was asked to provide assistance, and why he is unable to provide the information that Guardline seeks;

     7. the request to require Travelers to produce Mr. Kruger is denied without prejudice and may be renewed after the completion of Mr. Balzer's deposition.  If his deposition is thereafter sought, Guardline shall set forth in its portion of the joint letter the topics it seeks to probe with

Mr. Kruger and why these topics were not addressed by Mr. Balzer or were not sufficiently covered by him.  In its portion of the joint letter, Traveler's shall explain why topics identified need not be addressed by Mr. Kruger; and

      8.  no later than **June 8, 2009**, Traveler's shall advise the other parties whether or not Mr. Wendt will be called as an expert witness and the topics for which he will be offered as an expert.

                                                  s/Patty Shwartz  
                                                  UNITED STATES MAGISTRATE JUDGE